UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREGORY YOUNG,

                    Plaintiff,

          v.

NEV. DEPT. OF CORRECTIONS, *et al.*,

                    Defendants.

Case No. 3:25-cv-00413-MMD-CSD

ORDER

I.    **SUMMARY**

Plaintiff Gregory Young brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations he claims he suffered while incarcerated. (ECF No. 1-1.) On August 12, 2025, the Court ordered Young to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* ("IFP") by September 12, 2025. (ECF No. 4.) The Court warned Young the action could be dismissed if he failed to timely comply. (*Id.* at 1.) That deadline expired, and Young did not pay the filing fee, apply for IFP status, or otherwise respond.

II.    **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's

1  interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
2  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
3  cases on their merits; and (5) the availability of less drastic alternatives. *See In re*
4  *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting
5  *Malone*, 833 F.2d at 130).

6       The first two factors, the public's interest in expeditiously resolving this litigation
7  and the Court's interest in managing its docket, weigh in favor of dismissal of Young's
8  claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal
9  because a presumption of injury arises from the occurrence of unreasonable delay in filing
10 a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
11 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of
12 cases on their merits—is greatly outweighed by the factors favoring dismissal.

13      The fifth factor requires the Court to consider whether less drastic alternatives can
14 be used to correct the party's failure that brought about the Court's need to consider
15 dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining
16 that considering less drastic alternatives before the party has disobeyed a court order
17 does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th
18 Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally
19 dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*
20 *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until
21 Young addresses the matter of the filing fee, the only alternative is to enter a second
22 order setting another deadline. But the reality of repeating an ignored order is that it often
23 only delays the inevitable and squanders the Court's finite resources. The circumstances
24 here do not indicate that this case will be an exception. Setting another deadline is not a
25 meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

26 **III.    CONCLUSION**

27      Having thoroughly considered these factors, the Court finds that they weigh in
28 favor of dismissal. It is therefore ordered that this action is dismissed without prejudice

based on Young's failure to address the matter of the filing fee in compliance with this Court's August 12, 2025 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Young wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or apply to proceed IFP.

It is further ordered that Young's originally-filed incomplete application to proceed IFP (ECF No. 1) is denied as moot.

DATED THIS 16th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE